UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ABDULLAH R. MCGHEE,

    Petitioner,

 v.             Case No. 21-cv-621-pp

EARNELL R. LUCAS,

    Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DENYING AS MOOT PETITIONER'S MOTION FOR ORDER COMPELLING WITHDRAWAL OF FILING FEE FROM PETITIONER'S TRUST ACCOUNT (DKT. NO. 4), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

  On May 18, 2021, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Milwaukee County Jail on charges of possession with intent to deliver cocaine and possession with intent to deliver amphetamine. Dkt. No. 1. He has not paid the $5.00 filing fee. The petitioner is not eligible for *habeas* relief, and the court will dismiss the petition.

**I. Background**

  A. <u>Ongoing Criminal Case</u>

  The petition refers to Milwaukee County Case No. "21CF1099." Dkt. No. 1 at 4. The court has reviewed the publicly available docket for that case. <u>See</u> <u>State v. McGhee</u>, Milwaukee County Case No. 21CF001099 (available at https://wcca.wicourts.gov). The docket shows that on March 24, 2021, the

1

State filed a criminal complaint against the petitioner. Id. As of June 21, 2021, charges of possession with intent to deliver amphetamine and possession with intent to deliver cocaine remain pending. Id. The state court has scheduled a status conference for June 23, 2021. Id. The Milwaukee County Jail inmate locator shows that the petitioner remains in custody at that facility. http://www.inmatesearch.mkesheriff.org/.

B. Federal *Habeas* Petition (Dkt. No. 1)

The petition asserts three grounds for relief: (1) a Fourth Amendment violation from a search of the petitioner's residence; (2) a due process violation from a search of the petitioner's residence; and (3) a Sixth Amendment violation from the petitioner's "unlawful detention." Id. at 10-11.

The petitioner explains that on March 19, 2021, U.S. Probation Agents (1) "made contact with the petitioner at his residence," (2) "informed the petitioner that a condition search was taking place to verify the petitioner's compliance with supervision in response to petitioner's ongoing drug use," (3) "searched the petitioner's person and removed U.S. currency, cell phone, cigarettes and lighter," (4) "conducted a full search of the residence," (5) "recover[ed] alleged drugs, firearms, digital scales, [and] U.S. currency," and (6) "contacted Milwaukee HIDTA for assistance with the search, and possible use of a narcotics dog." Id. at 10. The petitioner says that at that point, officers of the Milwaukee Police Department arrived and "requested a search warrant based of contraband and info." Id. The petitioner argues that "[a]n agency relationship is present" and that "[t]he state had been the Fed's cat's paw,

charging the petitioner with the offenses solely in order to detain him pending an eventual federal indictment." Id. at 11.

As relief, the petitioner asks the court to take jurisdiction over the case, "suppress the fruit of the search and to be relieved of further supervision by the U.S. Probation Dept." Id. at 12.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

3

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.  Analysis

The court must dismiss the petition. First, the state-court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion to

4

suppress evidence or quash his arrest, he may challenge the sufficiency of the evidence by having a jury trial and he may seek release from custody from the state-court judge.

Second, and related, the petitioner's *habeas* petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The docket shows that on May 17, 2021, the petitioner filed a motion to suppress evidence in the circuit court. See State v. McGhee, Milwaukee County Case No. 21CF001099 (available at https://wcca.wicourts.gov). The circuit court has not yet ruled on that motion, and the petitioner has not sought review of any claim in the Wisconsin Court of Appeals. The petitioner has not, therefore, exhausted his state remedies, which is required before seeking *habeas* relief in federal court.

Finally, most of the relief the petitioner seeks—this court's assumption of jurisdiction over a state-court criminal proceeding and a suppression of evidence in a state-court criminal proceeding—is relief that this court lacks the authority or a basis to grant.

For all these reasons, the court will dismiss the petition.

### III. Motion for Order Directing Withdrawal of Filing Fee From Petitioner's Trust Account. (Dkt. No. 4)

The petitioner has filed a motion asking the court to order that the Sheriff's accounts office forward the $5 filing fee from the petitioner's inmate

trust account to the Clerk of Court. Dkt. No. 4. Because the court is dismissing this petition, it will deny the petitioner's motion as moot.

**IV.     Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

**V.     Conclusion**

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **DENIES AS MOOT** the petitioner's motion for an order directing the Sheriff's accounts office to forward the filing fee from the petitioner's trust account to the Clerk of Court. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**